[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs contracted to purchase a new home from the defendants (Exhibit #2). The defendants had constructed the home on a speculative basis, some time prior to the September 21, 1988 agreement with the plaintiffs. At the time the purchase agreement was executed, the house was substantially completed. A Certificate of Occupancy was subsequently issued in time for the October 31, 1988 closing of the sale. (Exhibits #1 4).
The plaintiffs bring this action pursuant to Connecticut General Statutes Sections 47-118 and 47-121. Connecticut General Statutes Section 47-118 establishes implied warranties for the sale of a new home. Connecticut General Statutes Section 47-121
establishes warranties with the issuance of a Certificate of Occupancy (Plaintiffs' Amended Complaint of November 14, 1989).
The plaintiffs, within one year of their closing and date of obtaining their C.O., encountered numerous problems with: thermostat and furnace; smoke detector not wired; drafts in bathroom and bedroom; roof leaks and resulting water spots; interior doors; garage door opener; water leaks and cracks in basement and foundation; and deck pulling away from house. (Exhibit #12).
Defendants were notified initially of furnace problems and water problems and did respond The plaintiffs claim that as a result of one such response, their home siding was scratched.
There was no evidence of any response by the defendants to plaintiffs' letter of June 8, 1989 outlining their problems with the home. . (Exhibit #12).
The plaintiffs' evidence consisted of one of the plaintiffs' testimony, testimony of a representative of a heating company regarding the furnace, testimony of a contractor regarding repair costs and his observations as well as photographs of the property. The plaintiffs were denied the opportunity to present expert evidence because of the provisions of Practice Book Section 220D. In addition, the plaintiffs submitted the aforementioned purchase agreement (Exhibit #2), deed for the property (Exhibit #1) and notice of defects (Exhibit #12).
The defendant's witness, testified as to the compliance of the house to the warranties of Sections 47-118 and 47-121; initial efforts to respond to plaintiff's complaint, and the warranty which attached to the furnace. CT Page 3014
The court finds that in certain respects the house did not meet the statutory warranties.
The court finds that the upstairs bathroom wall was not insulated in violation of the C.O. requirements (as testified to by Mr. Bosco) and the warranties of Section 47-118 as to workman-like construction and fitness for habitation.
The court finds that the interior doors were not constructed in a workman-like manner in violation of Section 47-118.
The footing drains were not constructed in a workman-like manner. A subsequent excavation established their condition which contrasted markedly with what the defendant's witness indicated was required.
The roof was also not in conformity with the requirement that it be constructed in a workman-like manner, and free from faulty materials and as a consequence rendered the premises unfit for habitation.
The deck also was constructed in violation of Section 47-118; in that it was unfit for habitation, not free from faulty materials and not constructed in a workman-like manner.
The evidence clearly established through credible testimony of observations and photographic depiction these defects. The wall clearly contained no insulation. The deck had separated from the house. The ceilings displayed water leaks and the roof shingles left a gap at the flashings. The interior doors would not remain closed.
These defects were so readily apparent from lay observation that expert testimony was not required to demonstrate such obvious breaches of warranty.
The plaintiffs failed to meet their burden of proof as to other claimed defects.
The plaintiffs evidence as to the costs of effectuating the requisite repairs total $7,910. (Insulation $650; roof repairs $950; interior doors $785; new deck $3,685; drains $1,850).
The court finds that the reasonable measure of plaintiff's damages is in the amount of $6,300, the amount required to correct the breaches of warranty.
Judgment enters for the plaintiff on counts one and count two of her complaint. The plaintiff's damages are in the total amount CT Page 3015 of $6,300.
McWEENY. J.